**CAMBIO HEALTH SOLUTIONS, LLC, Plaintiff–Appellant,**

v.

**Steven G. SLOATE, Defendant–Appellee.**

No. 02–6392.

United States Court of Appeals, Sixth Circuit.

July 17, 2003.

BEFORE: KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

**OPINION**

PER CURIAM.

Plaintiff–Appellant Cambio Health Solutions, LLC ("Cambio" or the "Company") appeals the denial of its Motion to Compel Arbitration and for a Stay of the Pending Lawsuit. Several individuals, including Defendant–Appellee Stephen G. Sloate, ex-

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

ecuted the Limited Liability Company Agreement ("LLC Agreement") of Cambio in 1999, which set forth provisions governing the management and operation of the Company. Sloate was an officer of the Company and employed on a full-time basis. Sloate and Cambio also entered into a Severance Agreement that detailed the rights and responsibilities of the parties in the event of a "Change in Control" of the ownership of Cambio or its majority shareholder, Intensive Resource Group, LLC ("IRG"). IRG was a wholly-owned subsidiary of Quorum Health Resources, LLC ("QHR"), which in turn was wholly-owned by Quorum Health Group, Inc. ("QHG"). In 2001, QHG merged with Triad Hospitals, Inc. ("Triad") and Triad became the owner of QHR.

After the merger, Sloate was terminated from his position and Cambio refused to provide him with any of the benefits outlined in the Severance Agreement because it argued that no "Change in Control" had occurred to trigger the benefit provisions of the Severance Agreement. Sloate threatened to sue Cambio for refusing to provide him with certain benefits under the Severance Agreement. Sloate also provided Cambio with an arbitration demand form for settling claims between the parties regarding the LLC Agreement. Cambio responded by filing a declaratory judgment action in the United States District Court for the Middle District of Tennessee to determine the rights of both parties under the Severance Agreement. Cambio argued that the arbitration clause contained in the LLC Agreement applied to the terms of the Severance Agreement because the two documents were executed as contemporaneous agreements. After answers and counterclaims had been filed, Sloate and Cambio executed a Compromise and Release of Certain Claims and Confidentiality Agreement (the "Release") in order to settle claims between the parties regarding the LLC Agreement. How-

ever, the Release specifically stated that "[t]he claims asserted in the Counterclaim and any other potential claims arising out of the Severance Agreement between Sloate and the Company survive this Compromise and Release."

Cambio then filed a Motion to Compel Arbitration and for a Stay of the Pending Lawsuit, which was denied by the district court. The district court relied on its decision in *Cambio Health Solutions, LLC v. Reardon,* 228 F.Supp.2d 883 (M.D.Tenn. 2002), in finding that the arbitration clause of the LLC Agreement did not apply to the provisions of the Severance Agreement. In *Reardon,* Cambio had argued that disputes under an Executive Consulting Agreement ("Consulting Agreement") entered into between itself and Thomas M. Reardon, also a signatory of the LLC Agreement, had to be arbitrated under the arbitration clause of the LLC Agreement. Rejecting Cambio's argument, the court found that the Consulting Agreement and the LLC Agreement were two separate, independent agreements and that the arbitration clause of the LLC Agreement did not apply to the provisions of the Consulting Agreement. In finding that the Consulting Agreement and the Severance Agreement were alike in all material aspects, the district court in the present case concluded that the Severance Agreement and the LLC Agreement were two separate agreements and that the arbitration clause of the LLC Agreement does not compel arbitration for disputes arising under the Severance Agreement. The district court also found that assuming, *arguendo,* the LLC Agreement could encompass the Severance Agreement, Cambio had waived its right to invoke arbitration by initiating the declaratory judgment action.

Cambio argues that the district court erred in denying its motion because: (1)

the Severance Agreement and the LLC Agreement are contemporaneous documents, which are governed by the arbitration provision of the LLC Agreement; and (2) it has not waived its right to arbitrate by filing the declaratory judgment action.

After careful review of the record, all applicable law, the briefs of the parties, and oral argument by counsel, we conclude that the district court's Memorandum and Order should be affirmed. As the decision is supported by the evidence and properly states the relevant principles of law and properly applies them to the facts of this case, no useful purpose would be served by issuing a full opinion. Accordingly, we **AFFIRM** on the basis of the district court's well-reasoned Memorandum and Order.